DECISION.

The deficiency should be computed upon the basis of a consolidated return of the taxpayer and the American Veneer Co. for the year involved. Final determination will be settled on 15 days' notice, under Rule 50.

---

APPEAL OF ALEXANDER S. BROWNE.

Docket No. 3881. Submitted November 3, 1925. Decided February 17, 1926.

*Allison L. H. Newton, Esq.*, for the taxpayer.
*M. N. Fisher, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

Taxpayer appeals from the determination of a deficiency of $1,710.30, income tax for 1920, and alleges that the Commissioner committed error by including as income to the taxpayer certain amounts claimed to be the income of his wife.

FINDINGS OF FACT.

The taxpayer is an individual residing in Boston, Mass. In 1915 taxpayer was inspector of agencies for the New York Life Insurance Co. in New England. In January, 1915, two contracts were made between the New York Life Insurance Co. and the taxpayer, substantially similar in their wording but each relating to a separate part of the territory over which taxpayer operated. By these contracts the New York Life Insurance Co. agreed under certain conditions to pay the taxpayer in the fifth year thereafter a so-called renewal commission on premiums received during said fifth year on account of contracts of insurance written during the year 1915 in the territory in which the taxpayer was employed as inspector of agencies. The conditions were that the expenses of said branch in the year 1915 should not exceed a certain ratio and that the amount of insurance written in that year should exceed a certain allotment. These conditions were met in 1915. The contracts further provided as follows:

Third.—It is further understood and agreed that even although you may have performed said conditions entitling you to be allowed said renewal commission at one or the other of the rates aforesaid, nevertheless no such renewal commission shall ever become due or payable unless you remain continuously in the Company's employ until said fifth year renewal premiums become due and are duly received by the Company. The termination of your employment shall terminate all right to said renewal commission. Provided, however, that in the event of your death while in the Company's employ, any such renewal commission earned by you shall be paid to your executors, ad-

ministrators, or assigns; and provided, further, that said renewal commission, if earned, as aforesaid, shall be payable if the Company shall terminate your employment contract without assigning any cause therefor.

On June 22, 1920, the taxpayer executed and delivered a written assignment to his wife, Amy T. Browne, of all his right, title, and interest in and to any and all such renewal commissions then due him or which might accrue to him on or after such date under the terms of the aforesaid agreements with the New York Life Insurance Co. A duplicate original of such assignment was delivered to the New York Life Insurance Co., who thereafter, in 1920, paid said Amy T. Browne $5,270.69 as the amount due under such contracts. This amount was reported by Amy T. Browne as income to her. The Commissioner included such amount as income to the taxpayer and assessed the deficiency in tax here in question.

### DECISION.

The determination of the Commissioner is approved. See *Mitchell* v. *Bowers*, 9 Fed. (2d) 414; *Appeal of Yale Kneeland*, 1 B. T. A. 150.

---

## APPEAL OF TURNER TERMINAL CO.

Docket No. 3934. Submitted September 24, 1925. Decided February 17, 1926.

*George H. Goodner, C. P. A.,* and *Walter K. Smith, C. P. A.,* for the taxpayer.

*Briggs G. Simpich, Esq.,* for the Commissioner.

Before GREEN and PHILLIPS.

The Commissioner determined a deficiency in income and profits taxes for the year 1920 in the sum of $2,792.80. The petitioner concedes the correctness of a part of the deficiency, and there is involved in this appeal only the sum of $702.51. The petitioner contends, and the Commissioner denies, that it is entitled to a paid-in surplus of $400,000, upon the ground that it acquired, in exchange for stock of the par value of $200,000, assets of the value of $600,000.

### FINDINGS OF FACT.

The petitioner, the Turner Terminal Co., an Alabama corporation, with its principal place of business at Mobile, was organized in 1909 under the name of the Turner Hartwell Docks Co., with an authorized capital stock of $200,000.

For a period of approximately 15 years prior to the organization of the company its three stockholders had been gradually